HILL DREDGING CORP., A CORP., ETC., SARAH J. RISLEY, CARL F. RISLEY, HARRY A. KAUPP, E. BERTRAM WRIGHT AND HELEN M. WRIGHT, PLAINTIFFS-RESPONDENTS, v. ELTON RISLEY, DEFENDANT-APPELLANT, AND LAURA O. LINDSAY, WARNER LINDSAY, JR., AND ALPHONSE W. KELLEY, ADDITIONAL DEFENDANTS-RESPONDENTS.

Argued May 2, 1955—Decided May 16, 1955.

504

506

508

510

512

516

528

530

536

538

*Mr. William L. Brown, Jr.,* argued the cause for the appellant (*Messrs. Brown and Frank,* attorneys).

*Mr. Herman J. Finn* argued the cause for the respondent Warner Lindsay, Jr.

*Mr. John R. Armstrong* argued the cause for the plaintiffs-respondents (*Messrs. Kirkman, Mulligan and Harris,* attorneys).

*Mr. Hiram Steelman* argued the cause for the respondent Laura O. Lindsay.

*Mr. Francis Tanner* argued the cause for the respondent Alphonse W. Kelley.

PER CURIAM. . The judgment is affirmed for the reasons expressed in the opinion of Judge Ewart in the court below.

BURLING, J. (dissenting in part). I agree with the affirmance of the judgment against Elton Risley on the complaint, but I disagree as to the disposition of Elton Risley's cross-claims.

The cross-complaint as reiterated in the pretrial order charged Warner Lindsay, Jr., with breach of trust; charged Laura O. Lindsay, Alphonse W. Kelley and the individual plaintiffs (as cross-claim defendants) with malicious interference, *i. e.,* conspiracy with and inducement of Warner Lindsay to breach his trust; and charged all the cross-claim defendants with fraud in inducing Elton Risley to part with his Hill Dredging Company stock.

The trial court found that Warner Lindsay, Jr., was guilty of no breach of trust. In this respect I am in accord with the views expressed by Mr. Justice BRENNAN in his dissenting opinion filed this day.

Alphonse W. Kelley was on the proofs an innocent party having a *bona fide* aim to purchase the Hill Dredging Company stock from Elton Risley. Therefore I agree with the trial court's disposition of the cross-claim against Kelley.

The evidence supports the cross-claim as to the fact of malicious interference with the negotiations between Elton

Risley and Alphonse W. Kelley; and it supports the cross-claim as to the fact of the inducement of Warner Lindsay's breach of trust. Nevertheless, these were but steps in the scheme to defraud Elton Risley. It seems to me, therefore, that the burden was upon Elton Risley to prove not only the fraud but participation in the fraud by the cross-claim defendants. The applicable rule of law is that fraud must be demonstrated clearly and convincingly.

The evidence clearly and convincingly shows the inception, formulation and effectuation of the scheme to induce Elton Risley to part with his Hill Dredging Company stock to his detriment, and the participation of Carl F. Risley, Sarah J. Risley, Laura O. Lindsay and Warner Lindsay, Jr., therein. However the evidence fails to meet this test as to Harry A. Kaupp, E. Bertram Wright and Helen M. Wright.

Therefore I would: affirm the judgment in favor of the plaintiffs on their complaint against Elton Risley; affirm the judgment of dismissal of the cross-complaint as against Alphonse W. Kelley, Harry A. Kaupp, E. Bertram Wright and Helen M. Wright; and reverse the judgment of dismissal of the cross-complaint, and direct the trial court to enter judgment declaring liability, as to cross-claim defendants Carl F. Risley, Sarah J. Risley, Warner Lindsay, Jr., and Laura O. Lindsay, and remand the cause to the trial court for determination of the damages and incidental relief to which the cross-claim plaintiff, Elton Risley, may be entitled to recover from these four cross-claim defendants.

WILLIAM J. BRENNAN, JR., J. (dissenting in part). I agree with the affirmance, on Judge Ewart's opinion, of the judgment for plaintiffs on their complaint and with the dismissal of defendant Elton Risley's cross-claim as to Alphonse W. Kelley. I dissent, however, from the affirmance of the dismissal of the cross-claim as to the individual plaintiffs and the cross-claim defendants Warner Lindsay, Jr., and Laura O. Lindsay.

Elton Risley held stock control of Hill Dredging Corp. He wanted to dispose of his interest but would not sell to

Carl Risley. The gist of his cross-complaint is that the individual plaintiffs conspired with Warner Lindsay, Jr., and his sister Laura O. Lindsay, a long-time employee of the dredging corporation, to have Carl Risley acquire Elton's shares under the guise of their sale to Alphonse W. Kelley, and he demands punitive and compensatory damages, including the refund of a commission of $4,375 paid to Warner Lindsay, Jr., for effecting the sale.

Elton Risley in early July 1951, through Laura O. Lindsay, authorized Warner Lindsay, Jr., to endeavor to sell Risley's shares to Kelley. Lindsay apparently undertook to have Kelley organize a syndicate (to include Lindsay) to acquire the stock. He obtained an oral 60-day option from Elton to Kelley at an original asking price of $100,000, later reduced to $87,500 upon Lindsay's persuasion that Kelley would not pay the higher price. Lindsay's interest in a sale to Kelley waned when Laura, anxious about her own position with the company, sought his help to have Carl Risley acquire the stock. This occurred shortly after Lindsay obtained the option; I cannot find in the record that Lindsay ever actually communicated the option to Kelley. Instead, about July 25 Lindsay participated at a meeting at which were arranged the details of a transaction whereby Lindsay would see to it that Carl Risley acquired the stock for $87,500 provided he could borrow that sum for the purpose. This was agreed although Lindsay knew that Carl was willing to pay at least $90,000 for the stock. Carl succeeded on July 30 in obtaining a loan for $87,500 from the Boardwalk National Bank of Atlantic City.

Lindsay, the individual plaintiffs 'and Laura told Elton nothing of the plan. Whatever may be said of the obligation of the others, plainly Lindsay's silence was a breach of his fiduciary obligation. Indeed, he went so far as to lead Elton to believe that he had closed a sale with Kelley. He caused Elton on July 31 to deliver his stock to the Boardwalk National Bank of Atlantic City, accompanied by a sight draft on Kelley for $87,500 and also a check for $4,375 to Lindsay, as commission. He then arranged a closing of the

sale to Carl at the bank on August 1, at which Elton would not be present, after having induced Kelley on the previous day to give up any rights to purchase he might have. The consideration to Kelley was a payment by Carl's check for $2,500, ostensibly for the assignment of the alleged option. The $2,500 was actually paid from Lindsay's commission. Kelley gave back to Lindsay $312.50, so that the sum realized by Kelley was $2,187.50. That sum is exactly one-half of the $4,375 commission. The transaction with Kelley has more the appearance of an equal split of the commission than of the claimed payment by Carl to Kelley for the assignment of the option. The proofs do not show, however, that Kelley had any knowledge of or part in the plan to conceal from Elton the identity of Carl as the real purchaser.

It is plain to me that Lindsay, at the least, was guilty of a breach of his fiduciary relationship, which should result not only in the forfeiture of his commission but also render him liable for the damage suffered by his principal. This should be the result merely from his failure to disclose to Elton that Carl was willing to pay a higher price than $87,500. *Mechem, Outline of Agency* (4th ed. 1952), sec. 509, p. 352. And the individual plaintiffs and Laura O. Lindsay are equally liable for having joined with Lindsay in the breach of his fiduciary duty. *Judson v. Peoples Bank & Trust Company of Westfield*, 17 N. J. 67, 83 (1954).

I would modify the judgment to declare the liability of the individual plaintiffs and the cross-claim defendants Warner Lindsay, Jr., and Laura O. Lindsay on the cross-claim, and remand the cause for the determination of compensatory and punitive damages.

JACOBS, J., joins in this dissent.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT and WACHENFELD—4.

*For modification*—Justices BURLING, JACOBS and BRENNAN —3.