EUGENE HIGHLAND AND MARY HIGHLAND *v.* HERBERT
WILLIAMS ET AL.

[No. 1-175A4. Filed November 12, 1975.]

*Hollingsworth, Martin, Wharry & Pedersen,* of Lebanon, *Warren Buchanan,* of Rockville, for appellants.

*McFaddin & McFaddin,* of Rockville, for appellees.

ROBERTSON, C.J.—The defendant-appellant (Highland) is appealing from the trial court's enjoining the violation of restrictive covenants on his lakeside lot and requiring the removal of his home from that lot.

Highland raises the following issues: Whether a mandatory injunction was proper under the facts of the case; whether laches barred the cause of action; whether the common scheme of development had been followed; whether the covenants forming the basis of the judgment are ambiguous and incapable of enforcement; and whether the judgment is supported by sufficient evidence.

Finding no error we affirm the judgment.

A review of the facts show that in July, 1970, Highland purchased a lakeside lot from the plaintiff-appellee (Nevins) in a subdivision platted and developed by Nevins. The warranty deed recited that the transfer was subject to covenants set out in the plat which had been duly recorded in July of 1963.

Two covenants contained in the plat read:

"5. No trailer, basement, tent, shack, garage, barn, or other out-building erected or placed upon any lot in this

plat shall at anytime be used as a residence either temporarily or permanently. No trailer or other structure of a temporary or moveable character shall ever be placed on or used as a residence on any of said lots.

6. No structure of any kind shall ever be moved onto any lot in this tract, all structures erected on said lots shall be newly erected."

All of the lots in the subdivision, comprised of lakefront property, were sold subject to these covenants which ran for ten years and were renewed automatically unless changed by a majority of lot owners.

In June of 1971, Highland moved a structure onto his lot. It had been purchased from the manufacturer (who referred to it as a modular home) and consisted of two steel-framed and steel-roofed units. The two units were separately towed by a truck to the lots. After removing the wheels, axles, and hitches from the units they were placed on a permanent foundation and bolted together, a process which took from four to seven days to accomplish.

Prior to installing his structure Highland had discussed his plans with Nevins. Nevins told Highland that the structure violated the restrictive covenants and he should wait until the lot owners had a meeting about the matter. However, Highland proceeded with his plan.

Nevins filed suit against Highland in August of 1972 alleging violation of the two covenants and sought injunctive relief by prohibiting use of Highland's structure as a residence and removal of the structure from the lot. After a trial to the court the injunction was issued and Highland ordered to remove the structure within 120 days.

Highland first contends that the relief granted by the trial court, a mandatory injunction ordering removal of the home, was excessive.

Highland points out that he has lived in the structure for a period of four years and has expended more than $20,000

for initial installation and subsequent improvements. He argues that the court's order for him to remove the building would cause him great expense and hardship.

Nevins points out that Highland had notice of the restrictions, both actual and constructive, before he began installation. The restrictive covenants were contained in the plat of the subdivision properly filed in Park County, and Nevins' testimony of a conversation between the two parties established that Highland had actual knowledge of those restrictions.

Highland does not challenge the power of a court to issue a mandatory injunction as a means of enforcing restrictive covenants for that power is well-established. *Bachman* v. *Colpaert Realty Corp.* (1935), 101 Ind. App. 306, 194 N.E. 783; *Bob Layne Contractor, Inc.* v. *Buennagel* (1973), 158 Ind. App. 43, 301 N.E.2d 671; *Vogel* v. *Harlan* (1971), 150 Ind. App. 426, 277 N.E.2d 173. What Highland argues is that the mandatory injunction was excessive relief under the facts of this case.

Since Highland had actual knowledge of and constructive notice of the covenants prior to installing the units, we cannot say as a matter of law that the relief granted is excessive. The second contention made by Highland is that the right to enforce the restrictive covenants was lost by laches and acquiescence to prior violations.

Highland points out that over a year passed from the time he built his home to the date the suit was filed. During this time, Highland testified that he made improvements to the home such as paneling, carpet, inlaid linoleum, water lines, and porches on three sides.

However, as pointed out by Nevins, the defense of laches is an affirmative defense which should have been affirmatively set forth in Highland's answer. Ind. Rules of Procedure, Trial Rule 8(C). His failure to do so results in waiver of that defense.

Highland next contends that the restrictive covenants should not have been enforced because the common scheme of development had been disregarded.

The case law holds that restrictive covenants will not be enforced if substantial changes have occurred in the restricted area. However, as stated in *Bob Layne Contractor, Inc.* v. *Buennagel* (1973), 158 Ind. App. 43, 301 N.E.2d 671:

> ". . . a change in condition of a restricted area will not relieve that area of its restrictive covenants unless the changes are so radical in nature as to defeat the original purpose of the restrictive covenants." 301 N.E.2d at 678; *See also: Schwartz* v. *Holycross* (1925), 83 Ind. App. 658, 149 N.E. 699; *Bachman* v. *Colpaert Realty Corp.* (1936), 101 Ind. App. 306, 194 N.E. 783; *Sorrentino* v. *Cunningham* (1941), 111 Ind. App. 212, 39 N.E.2d 473.

There was no evidence presented which established that the general plan of the subdivision had been abandoned or that there had not been substantial conformity with the plan prior to the time Highland moved the structure onto his lot.

Highland next contends that the covenants relied upon by the trial court are ambiguous and incapable of enforcement.

This argument was not included in the motion to correct errors and may be deemed waived. Moreover, the covenants, as previously set forth, were sufficiently definite to put the parties on notice as to what was prohibited.

Highland finally contends that the judgment was not supported by sufficient evidence in that the evidence did not establish that his structure was a "trailer", as prohibited by the covenant.

The record reveals that all of the plaintiffs testified that the structure looked like a "trailer" and was the sort of structure that the covenant was intended to bar.

Also, the court's judgment did not depend upon a finding that Highland had moved a trailer onto the lot. Covenant

number 6 provides that *no structure* of any kind shall be moved onto any lot. The evidence is undisputed that Highland's structure was moved onto the lot. Therefore, the evidence was sufficient to support the finding of the trial court that Highland had violated the restrictive covenants.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 336 N.E.2d 846.