Charles Roger GRIFFIN, Appellant (Defendant Below),

v.

Steven W. AXSOM, Appellee (Plaintiff Below).

No. 47A01–8712–CV–00323.

Court of Appeals of Indiana, First District.

July 5, 1988.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for appellant.

Frank A. Barnhart, Baker, Barnhart, Baker & Nardi, Bloomington, for appellee.

ROBERTSON, Judge.

Charles Roger Griffin appeals from a decision of the trial court rescinding a land contract between himself and the plaintiff-appellee, Steven W. Axsom, which was executed in August, 1978. Axsom did not offer to rescind the contract until he initiated this action in February, 1984. We agree with Griffin that Axsom has failed to demonstrate he exercised diligence in disaffirming the contract. Accordingly, the remedy of rescission was not available to Axsom, and the trial court abused its discretion in ordering the contract's rescission.

The record reveals that Griffin owned and operated a hamburger business in Oolitic, Indiana, which he sold to Axsom. At the time of the sale, Griffin informed Axsom that the lot occupied by the business was fifty-six feet in length from the back of the building to the edge of the street. Axsom measured the length of the lot from the city street to the back of the building and concluded that the property appeared to be as represented. No survey of the property was made before a sale of the business to Axsom was consummated, even though Axsom was a licensed real estate broker and knew that the land had not been surveyed when Griffin purchased it.

The following spring, Griffin discovered that the City of Oolitic had not utilized all of its right-of-way when it paved the north-south street bordering the properties along the street. He learned that the legal description contained in his deed was incorrect and that the lot actually began approximately seventeen feet from the street in an area where he had designated parking and continued past the restaurant into the building of an adjacent landowner which abutted the restaurant. Griffin notified Axsom of his discovery on May 4, 1979 and Axsom sought legal advice at that time. Axsom continued to make capital expenditures and repairs and paid rent, taxes and insurance on the property after he was notified by Griffin of the defect in the legal description. Most of these improvements were made in 1983. Axsom did not seek to rescind the contract until the adjoining landowner obtained title to the seventeen feet behind the building by adverse possession in late 1983.

Rescission of contracts has a well defined meaning and contemplates and requires affirmative action immediately upon the discovery of fraud or mistake. *Admire v. Brewer* (1942), 112 Ind.App. 92, 41 N.E. 2d 662, 663, *trans. denied.* A party who seeks the aid of the court to compel the rescission of a contract must show that he has exercised at least reasonable diligence in ascertaining the facts if readily within his power, and has been prompt in seeking his remedy within a reasonable time after the facts are discovered. *Patten v. Stewart* (1865), 24 Ind. 332, 339. If after discovering the untruth of representations, the person who has been misled conducts himself with reference to the transaction as though it is still subsisting and binding, he thereby waives all benefit of and relief from the representations. *The Citizen's Street Railroad Company v. Horton* (1907), 40 Ind.App. 711, 717, 80 N.E. 427.

Whether the party seeking rescission has acted within a reasonable time is ordinarily a question of fact, but where the facts have been ascertained, or when they are undisputed or admitted, it becomes a question of law. *Grand Lodge of the Brotherhood of Railroad Trainmen v. Clark* (1920), 189 Ind. 373, 380, 127 N.E.

280. Thus, Indiana courts have held that where no offer to rescind has been made until more than seventeen months after the party seeking rescission has learned of the fraudulent acts of the other party, and no tender was made at any time, but payments were made into the court after the initiation of suit, there has been no compliance with the rule requiring the party seeking rescission to put the other party *in statu quo. See, id.* Similarly, where a suit for rescission was filed over six years after the sale of land was accomplished, the supreme court concluded that the party had not exercised diligence in seeking a remedy. *See Matlock v. Todd* (1865), 25 Ind. 128, 131. *See also Hunt v. Blanton* (1883), 89 Ind. 38 (Lapse of five months after execution of deed held to be fatal); *Axtel v. Chase* (1881), 77 Ind. 74, 78 (No excuse averred for delay of several years in bringing suit); *Patten v. Stewart* (1865), 24 Ind. 332 (Where suit filed eight years after date of contract and plaintiff in undisturbed possession of land throughout entire eight years, enjoyed rents and profits, and made lasting improvements, plaintiff cannot place defendant in condition he was in at time of contract; therefore, not entitled to rescission); *Berry–Jefferson Corp. v. Gross* (1977), Ind.App., 358 N.E.2d 757 (Remedy of rescission not available where mistake discovered but buyers did not seek remedy until after resale of property concluded).

■ The undisputed evidence in the present case was that Axsom learned of Griffin's defective legal description in May, 1979 but waited until February, 1984 to seek his remedy. During this time, Axsom continued to treat the 1978 transaction with Griffin as if it were still binding. He discontinued the hamburger business, remained in exclusive possession of the real estate, received its rents, benefitted from its occupation and use for nearly six years, made lasting improvements, and saw seventeen feet of the property acquired from him by adverse possession. Axsom did not exercise diligence in seeking his remedy. As a matter of law, he was unable to place the parties *in statu quo* and was not entitled to rescission.

Judgment reversed.

RATLIFF, C.J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority holds that because Axsom did not exercise diligence in seeking his remedy, as a matter of law he could not return Griffin to the status quo. Such reasoning is not available to us as a basis for reversal. Whether the delay by Axsom in indicating his disaffirmance of the contract is termed "waiver" or "laches" is of no moment. Both theories constitute affirmative defenses which must be pleaded pursuant to Ind. Rules of Procedure, Trial Rule 8(C). Griffin did not present either of such defenses in his answer or in any other manner prior to trial. The defense or defenses were, therefore, waived by Griffin. *Highland v. Williams* (1975) 1st Dist., 166 Ind.App. 492, 336 N.E.2d 846.

It may well be that as a factual matter, the delay prevented Griffin from being returned to the status quo or it may be that as a factual matter Griffin was not restored to the status quo by the trial court's judgment. That, however, is not the basis of the majority opinion. In any event the trial court in granting rescission assessed the evidence and concluded reasonably, as it was entitled to do under that evidence, that such remedy was appropriate under applicable law. I am not persuaded that we are at liberty to overturn that determination.