53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William D. ROBERTSON, Susan G. Robertson, Plaintiffs-Appellants,
v.
Myron WILKERSON, et al., Defendants-Appellees.
 No. 94-1734.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 26, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellants William Robertson and Susan Robertson brought this action under 42 U.S.C. Secs. 1983, 1985 and 1986 against various Indiana state police officers and their supervisors. The district court dismissed the action as barred by the statute of limitations. We remand with instructions.
 
 Discussion
 
 2
 Appellants are William Robertson, an inmate at the Indiana Reformatory serving a lengthy sentence for drug offenses, and his wife, Susan Robertson. Appellants' seek considerable compensatory damages based upon a claim that the appellee police officers[1] conspired to obtain appellant William Robertson's conviction through a variety of improper tactics, including perjury and falsifying evidence.
 
 
 3
 Appellants' claim is not cognizable under Section 1983. The Supreme Court has held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Sec. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Since appellant William Robertson's conviction has not as of yet been successfully challenged, either directly or collaterally, this action is barred by Heck. A statute of limitations analysis is not necessary, because no Sec. 1983 action accrues until the underlying conviction is successfully challenged. Id. at 2374. As a consequence, the district court's order dismissing the action with prejudice is inappropriate, as appellants may bring these claims when and if William Robertson's conviction is overturned.
 
 
 4
 While appellants have lumped their claims together--the same alleged conspiracy led to the illegal arrest, conviction, and imprisonment--we note that the claim relating to the confidential informant's alleged burglary/search may not be barred by Heck. An unreasonable search will not necessarily result in an illegal conviction. See Heck 114 S.Ct. at 2372 n. 7. To the extent that any such claim is not barred by Heck, it is barred by the statute of limitations.
 
 
 5
 Appellant William Robertson was arrested on October 30, 1989 and convicted on June 6, 1990, yet appellants did not file this complaint until October 19, 1992. Appellants concede that the two year Indiana statute of limitations for personal injuries (Ind.Code Sec. 34-1-2-2) applies and that Indiana repealed the provision tolling the statute of limitations for prisoners in 1982 (former Ind.Code Sec. 34-1-67-1(6)). See Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir.1985). Appellants maintain, however, Indiana still recognizes imprisonment as a disability that tolls the statute of limitations, largely based on INB National Bank v. Estate of Moran, 608 N.E.2d 702 (Ind.App.1993). In INB, which involved corporate fraud, the court, in dicta, listed imprisonment as a disability which tolled the statute of limitations. 608 N.E.2d at 707. However, the case the INB court based this statement upon, Walker v. Memering, 471 N.E.2d 1202 (Ind.App.1984), applied the repealed provision. See 471 N.E.2d at 1204.
 
 
 6
 On remand the district court is to enter an order dismissing the Heck barred claims without prejudice. The district court is also to evaluate the unreasonable search claim to ascertain whether a result favorable to the appellants would necessarily call the validity of William Robertson's conviction into question. If the answer is yes, the claim is to be dismissed without prejudice, per Heck. If the answer is no, the claim is to be dismissed with prejudice as barred by the statute of limitations.
 
 
 7
 REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Confidential informant Rebecca Hilton was also named as a defendant. Ms. Hilton defaulted below and is not part of this appeal