ATTORNEY FOR APPELLANT
Stephen Bower
Cohen and Thiros
Merrillville, Indiana

ATTORNEY FOR APPELLEE
Steven W. Etzler
Schreiner, Malloy & Etzler, P.C.
Highland, Indiana

# In the
# Indiana Supreme Court

No.  45S03-0505-CV-223

JEFFREY PATRICK, and
CITY OF GARY                                      *Appellants (Defendants below),*
CITY OF GARY POLICE DEPARTMENT,                   *(Defendant below)* [1]

v.

RICHARD MIRESSO,                                  *Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45D01-0204-CT-101
The Honorable Diane Kavadias Schneider, Presiding Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0405-CV-224

**June 14, 2006**

**Dickson, Justice**.

In accordance with our decision in Quakenbush v. Lackey, 622 N.E.2d 1284 (Ind. 1993), we hold that a governmental unit and its police officer are not immune from liability for injuries caused by the officer's negligent operation of a police vehicle while pursuing a fleeing suspect.

Officer Jeffrey Patrick and the City of Gary (the defendants) appeal the denial of their summary judgment motion on the plaintiff Richard Miresso's claim for damages from injuries

---

[1] The plaintiff's complaint also asserts claims against the City of Gary Police Department, but this defendant does not participate in this appeal.  Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

sustained in an automobile collision with the officer. The trial court certified its ruling for inter-locutory appeal, and the Court of Appeals affirmed. Patrick v. Miresso, 821 N.E.2d 856 (Ind. Ct. App. 2005). We granted transfer, 831 N.E.2d 747, and now affirm the trial court's denial of the defendants' motion for summary judgment

Asserting that Officer Patrick was pursuing a fleeing burglary suspect at the time of the collision with the plaintiff's vehicle, the defendants sought summary judgment from the trial court on grounds that "Officer Patrick was engaged in the enforcement of the law at the time of the accident." Appellants' App'x. at 22. The defendants urged that both Patrick and the City of Gary are immune from civil liability under the "enforcement of . . . a law" language of the Indiana Tort Claims Act (ITCA), which provides in relevant part:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
> * * *
> (8) The adoption and *enforcement of* or failure to adopt or enforce *a law* (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

Ind. Code § 34-13-3-3 (emphasis added).

The trial court found that the police vehicle was driving eastbound on 37th Avenue in Gary, Indiana, and entered an intersection "against the red light," colliding with the plaintiff's vehicle, which was traveling northbound on Broadway with a green traffic signal. Appellants' App'x. at 8. Citing Indiana Code § 9-21-1-8, the trial court noted that "[t]he legislature has imposed a statutory duty to operate an emergency vehicle with due regard for the safety of all persons."[2] *Id.* at 9. Expressly relying on Quakenbush, the trial court recognized that the law enforcement immunity under Section 3(8)[3] of the ITCA "does not grant immunity to government agencies or employees from liability for the breach of the duty of reasonable care as enumerated

---

[2] While requiring such "due regard for the safety of all persons," this statute also expressly authorizes emergency vehicle drivers to proceed past red traffic signals or stop signs "but only after slowing down as necessary for safe operation," and to exceed "speed limits if the person who drives the vehicle does not endanger life or property." Ind. Code § 9-21-1-8(b).

[3] The trial court's November 2003 order referred to "the law enforcement immunity under Section 3(7)," which corresponded to the section discussed in Quakenbush. In 2001, however, the legislature amended the ITCA to insert a new section 3(5) and redesignated the law enforcement immunity section from 3(7) to 3(8). Pub. L. No. 250-2001, § 6.

2

in I.C. § 9-21-1-8," *id.,* and it concluded that whether Officer Patrick breached this statutory duty of care was a genuine issue of material fact that precluded summary judgment.

In Quakenbush, we hold that "a police officer traveling to the scene of a crime is not immune from civil liability for driving in a negligent manner." 622 N.E.2d at 1285. Our opinion expressly notes the statutory duty regarding the operation of emergency vehicles and explains that the ITCA's law enforcement immunity does not apply to a police officer who, "having decided to respond to the report of a law being broken, . . . owes a duty of driving with reasonable care to other travelers on the highway." *Id.* at 1290.

The appellants' brief does not, however, challenge or even discuss Quakenbush, which is mentioned only in their reply brief, where they declare that the rationale of Quakenbush "was abandoned in Benton v. City of Oakland City, 721 N.E.2d 224 (Ind. 1999)." Appellants' Reply Br. at 4. In their appellants' brief, the defendants emphasize Minks v. Pina, 709 N.E.2d 379 (Ind. Ct. App. 1999), *trans. denied,* and City of Hammond v. Reffit, 789 N.E.2d 998, 1001 (Ind. Ct. App. 2003), *trans. denied,* to support their contention that Officer Patrick's pursuit of a burglary suspect in the present case amounted to "enforcing the law," Appellants' Br. at 17, and thus should be given immunity under the ITCA.[4]

Benton does not overrule or undermine Quakenbush. The question presented in Benton is whether the City of Oakland City owed a duty to warn of shallow water at the city's beach. In addressing this question, Benton explores Indiana's past common law jurisprudence regarding various tests (nonfeasance/malfeasance, governmental/proprietary function, public/private duty) for the existence of a governmental entity's duty of care. But the discussion addresses only the common law, and not the "protections from tort liability afforded Indiana governmental units by statute." Benton, 721 N.E.2d at 231-32. In fact, Benton repeats that "whether the legislature has insulated Oakland City is not part of this appeal." *Id.* at 232. The focus in Benton is whether, apart from legislative enactment, the city owed a duty of reasonable care. In the present case,

---

[4] The appellants also contend in this appeal that, separate from the law enforcement immunity provision in Section 3, Section 5 of the ITCA applies to protect Officer Patrick from personal liability. We decline to address this claim because it was not asserted in the trial court nor was it a basis for the denial of summary judgment.

however, the parties all acknowledge the existence of the statutory duty to operate an emergency vehicle "with due regard for the safety of all persons." Ind. Code § 9-21-1-8.

In King v. Northeast Security, Inc., 790 N.E.2d 474 (Ind. 2003), we briefly comment on Quakenbush, noting its reference to the ITCA's Section 3 as providing immunity only for breach of public duties, not private ones. *Id.* at 481-82. King suggests that Benton "implicitly" operated to "disavow Quakenbush's public/private duty test under section 3(7),"[5] and King observes that "Benton overruled the public/private duty test at common law." *Id.* at 482. Notwithstanding these comments in King, we decline to retreat from our holding in Quakenbush that police officers negligently operating emergency vehicles are not within the ITCA "enforcement of . . . a law" immunity.

We reach this conclusion for two principal reasons. First, while Quakenbush rests in substantial part upon its public/private duty analysis, its holding is also separately based on a basic principle of statutory construction. Quakenbush points out that interpreting the immunity provision "to confer immunity in situations involving the operation of police vehicles on public streets conflicts with other statutes which regulate the operation of such vehicles." Quakenbush, 622 N.E.2d at 1290. Identifying the statutory duty to operate emergency vehicles "with due regard for the safety of all persons," *id.* (citing Ind. Code § 9-21-1-8), our opinion emphasizes that "[w]here two statutes are in apparent conflict they should be construed, if it can be reasonably done, in a manner so as to bring them into harmony." *Id*. Our second reason is that Benton, although concluding that the public/private duty test "did not work," Benton, 721 N.E.2d at 230, does not thereby resurrect or increase immunity for government conduct. To the contrary, it offers the "general proposition . . . that because the duty of care is so pervasive, any additional exceptions will be rare and identified on a case-by-case basis." *Id*. And we reversed the grant of summary judgment, holding that the city did have a duty of ordinary care to warn. *Id.* at 234. Any disapproval in Benton of the public duty distinction operates only to limit or narrow common law governmental immunity, not to expand it. Benton does not compel an expansion of the statutory law enforcement immunity to prevent a remedy to persons injured by government

_____

[5] This is the immunity for "enforcement of . . . a law" now identified as section 3(8). *See supra* note 3.

emergency vehicles operated contrary to the statutory duty to exercise due regard for others' safety. For these reasons, we hold that Benton does not impair the Quakenbush rule rejecting application of the ITCA's "enforcement of . . . a law" immunity to claims of government negligence in operating emergency vehicles.

In addition, we observe that the immunity provisions set out in § 34-13-3-3 of the ITCA have been amended eleven times since Quakenbush was handed down in 1993,[6] but without any change that would alter the outcome in Quakenbush. The continued viability of this precedent is thus further supported by the doctrine of legislative acquiescence.

The ITCA law enforcement immunity provision was at issue in Minks and Reffitt, the two Court of Appeals cases emphasized by the defendants to support their claim for statutory immunity in the present case. Neither case, however, involved the operation of an emergency vehicle. Instead, both Reffitt and Minks applied the ITCA immunity for "failure to . . . enforce a law" to shield police officers from civil damage actions arising from deaths or personal injuries allegedly resulting from the officers' failures to arrest intoxicated drivers. Neither case undermined or questioned our decision in Quakenbush.

We reassert the viability of the Quakenbush holding that the ITCA's "enforcement of . . . a law" immunity does not shield governmental entities and personnel from liability resulting from a breach of the statutory duty to operate emergency vehicles "with due regard for the safety of all persons."[7] Ind. Code § 9-21-1-8(d)(1).

Transfer having been granted, we affirm the trial court's denial of the defendants' motion for summary judgment.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[6] *See* Pub. L. No. 208-2005, § 14; Pub. L. No. 161-2003, § 5; Pub. L. No. 1-2002, § 144; Pub. L. No. 280-2001, §§ 42, 56; Pub. L. No. 250-2001, § 6, 7; Pub. L. No. 142-1999, § 2; Pub. L. No. 220-1996, § 2; Pub. L. No. 151-1996, § 4; Pub. L. No. 146-1995, § 3.

[7] This also settles the basic issue addressed in East Chicago Police Dept. v. Bynum, 826 N.E.2d 22 (Ind. Ct. App. 2005), the outcome of which is consistent with this opinion.