ATTORNEY FOR APPELLANT
Kelly Whiteman
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Terry A. White
Jill Dewig Wesch
Olsen, White & Hambidge, LLP
Evansville, Indiana

ATTORNEYS FOR AMICI CURIAE
Indiana Association of Cities and Towns
Jon Laramore
Baker & Daniels, LLP
Indianapolis, Indiana

The Indiana Trial Lawyers Association
Patrick B. McEuen
Millbranth & Bush
Valparaiso, Indiana

# In the
# Indiana Supreme Court

No. 49S00-0602-CV-55

CITY OF INDIANAPOLIS AND
+INDIANAPOLIS POLICE DEPARTMENT,                    *Appellants (Defendants be-low),*

v.

RICHARD GARMAN,                                      *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D10-0006-CT-852
The Honorable David Dreyer, Judge

On Petition For Transfer Before Consideration by the Indiana Court of Appeals
No. 49A02-0510-CV-955

**June 14, 2006**

**Dickson, Justice.**

In accord with our decision today in Patrick v. Miresso, ___ N.E.2d ___ (Ind. 2006), we affirm the denial of summary judgment and hold that a governmental unit is not immune from liability for injuries caused by its police officer's negligent operation of a police vehicle while pursuing a fleeing suspect.

On November 7, 1999, the plaintiff Richard Garman was injured in a collision at 38th and Meridian in Indianapolis when his automobile was struck by a vehicle allegedly operated by a fleeing suspect being pursued by Indianapolis Police Officer Rob Rider in a high-speed chase along 38th Street. Garman's fiancée, a passenger in his car, was killed in the collision. In response to the plaintiff's complaint, the defendants sought summary judgment asserting the Indiana Tort Claims Act and its provision that provides immunity to governmental entities for losses resulting from the "enforcement of . . . a law." *See* Ind. Code § 34-13-3-3(8). Largely resting upon our decision in Quakenbush v. Lackey, 622 N.E.2d 1284 (Ind. 1993), the trial court found that "police chases are not immune from liability" and denied summary judgment, Appellant's App'x. at 18, but granted the defendants' request for certification for interlocutory appeal.

The defendants brought this appeal, challenging the trial court's refusal to apply the Tort Claims Act enforcement immunity. They seek to avoid this Court's decision in Quakenbush, urging that its analysis was faulty, and that it has since been undermined by King v. Northeast Security, Inc., 790 N.E.2d 474 (Ind. 2003), and Benton v. City of Oakland City, 721 N.E.2d 224 (Ind. 1999). The Court of Appeals accepted the appeal, and we granted the defendants' motion requesting that we take immediate jurisdiction to consider this case in conjunction with our consideration of the then-pending transfer petition in Patrick. Ind. Appellate Rule 56(A). The parties to the present case each acknowledged at oral argument that the immunity issue presented in this case is the same as that presented in Patrick.

In our decision today in Patrick, we discuss King and Benton, concluding that these decisions do not impair or undermine our decision in Quakenbush, and we emphasize the legislature's acquiescence to Quakenbush. In Patrick, we reassert the viability of the holding in Quakenbush that the Tort Claims Act "'enforcement of . . . a law' immunity does not shield governmental entities and personnel from liability resulting from a breach of the statutory duty to operate emergency vehicles 'with due regard for the safety of all persons.'" Patrick, ___ N.E.2d at ___, slip op. at 5 (quoting Ind. Code § 9-21-1-8(d)(1)).

In accord with Patrick and Quakenbush, we affirm the denial of summary judgment.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.