# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JUSTIN F. ROEBEL**
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JOHN F. ITTENBACH**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.   49A02-1102-PL-89 |
| | ) | |
| RHODORA EARL, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No.  49D04-0904-PL-18356

**January 27, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

The City of Indianapolis (the "City") appeals the trial court's denial of its summary judgment motion in an action filed by Rhodora Earl ("Earl").

We affirm.

## ISSUE

Whether the trial court erred in denying the City's motion claiming that it was entitled to summary judgment under the law enforcement immunity provision of the Indiana Tort Claims Act.

## FACTS

On a rainy day, at approximately 11:00 a.m. on May 8, 2008, Indianapolis Police Officer Shannon Harmon responded in a marked police vehicle to a call regarding the possible burglary of a home on Mead Drive. The police dispatch indicated a witness had observed two persons forcing open the front door of the home and that a tan Chrysler 300 was parked in the driveway. Upon arrival at the home, Officer Harmon observed a tan Chrysler 300 in the driveway with a person wearing green surgical gloves, later identified as Michael Gaddie, in the driver's seat. Gaddie saw Officer Harmon and backed out of a driveway in an apparent attempt to escape the officer.

Gaddie fled through a residential area, and Officer Harmon, who had "activated [his] emergency lights and sirens," pursued him. (App. 53). By the time Gaddie reached North Dearborn Avenue, he had, according to Officer Harmon's case report, "reached an extremely high rate of speed and began to pull away from [Officer Harmon] in an attempt

2

to elude [him]." *Id.* However, Officer Harmon did not stop the pursuit. Officer Harmon reported that during pursuit through the residential area, Gaddie ran through stop signs while Officer Harmon stopped at them. Officer Harmon also reported that Gaddie was traveling up to sixty miles per hour during this point of the chase, while he was traveling between forty and fifty miles per hour. Yet, Officer Harmon reported that he lost Gaddie for only a short time.

When Gaddie reached 62nd Street, he crossed the center line into the opposite lanes and began traveling westbound in the eastbound lanes. Officer Harmon reported that this action "[put] many vehicles and citizens at risk." *Id.* However, Officer Harmon continued the chase. Gaddie continued to travel westbound on East 62nd Street with Officer Harmon in pursuit, eventually precipitating a four-car personal injury accident when he hit Earl's car. Earl, who was making a legal turn into Glendale Mall, sustained severe injuries. Officer Harmon estimated that his vehicle's highest speed during the pursuit was between fifty and sixty miles per hour, while Gaddie reached speeds approaching seventy miles per hour. Even though Officer Harmon stated that he drove cautiously and obeyed traffic signs, he admitted that he was only one hundred yards behind Gaddie when the accident occurred.

Gaddie ran from the crash scene to Glendale mall but was soon apprehended by Officer Harmon and another officer. Gaddie pled guilty to numerous offenses and was

sentenced to twenty years incarceration, with ten years added for being a habitual offender.

After the accident, Earl sued the City for her injuries. In her amended complaint, she alleged municipal liability based on Officer Harmon's decision to continue his pursuit "without due regard of the safety of other drivers and pedestrians in the vicinity and in a high traffic area . . . ." (App. 10). The City moved for summary judgment on the basis that it was immune from liability under the law enforcement provision of the Indiana Tort Claims Act (ITCA). After a hearing, the trial court denied the motion. The City sought certification of the denial for interlocutory appeal, which the trial court granted on January 12, 2011. On March 18, 2011, this court granted jurisdiction over the interlocutory appeal.

## DECISION

The City contends that the trial court erred in denying summary judgment, arguing that Indiana Code section 9-21-1-8(d)(1) does not apply under the circumstances to deprive the City of immunity under the law enforcement provision of ITCA. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Terre Haute v. Pairsh*, 883 N.E.2d 1203, 1206 (Ind. Ct. App. 2008), *trans. denied*. The moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Boston v. GYN, Ltd.*, 785 N.E.2d 1187, 1190 (Ind. Ct. App. 2003),

4

*trans. denied*. We review only the designated evidentiary material in the record, construing that evidence liberally in favor of the nonmoving party so as not to deny that party its day in court. *Myers v. Irving Materials*, 780 N.E.2d 1226, 1228 (Ind. Ct. App. 2003).

Governmental immunity in Indiana is regulated by ITCA. *See Quakenbush v. Lackey*, 622 N.E.2d 1284, 1286 (Ind. 1993). Governmental entities and their employees are subject to liability for torts committed by them, unless the activity giving rise to the tort falls within one of the exceptions enumerated in the Act. *Id.* The City seeks immunity under Indiana Code section 34-13-3-3(8), the law enforcement provision, which provides that a governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from "[t]he adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment."

However, the grant of immunity to law enforcement officers who fail to exercise reasonable care while driving acts to sanction negligent and reckless conduct and results in hardship to the individual injured by the enforcement. *Quakenbush,* 622 N.E.2d at 1290. Moreover, interpreting the law enforcement provision to confer immunity in every situation involving the operation of police vehicles on public streets conflicts with Indiana Code section 9-21-1-8(d)(1), which provides that a person who drives an

5

authorized emergency vehicle, such as a police car, is not relieved from "the duty to drive with due regard for the safety of all persons." *Id*.

In *Patrick v. Miresso*, 848 N.E.2d 1083, 1084 (Ind. 2006), our supreme court held that a governmental unit and its police officer are not immune from liability for injuries caused by the officer's negligent operation of police vehicle while pursuing a fleeing suspect. The court noted with approval its statement in *Quakenbush* that a police officer who, "'having decided to respond to the report of a law being broken . . . owes a duty of driving with reasonable care to other travelers on the highway." *Id*. at 1085 (quoting *Quakenbush*, 622 N.E.2d at 1290). The *Patrick* court later stated, "We reassert the viability of *Quakenbush* holding that the ITCA's 'enforcement of . . . a law' immunity does not shield governmental entities and personnel from liability resulting from a breach of the statutory duty to operate emergency vehicles 'with due regard for the safety of all persons'" *Id*. at 1087 (citing I.C. § 9-21-1-8(d)(1)).

On the same day that it handed down *Patrick*, our supreme court handed down *City of Indianapolis v. Garman*, 848 N.E.2d 1087 (2006). In *Garman*, the plaintiff was injured in a collision when his automobile was struck by a vehicle allegedly operated by a fleeing suspect being pursued by an Indianapolis police officer in a high-speed chase. In response to the plaintiff's complaint, the City and the Indianapolis Police Department sought summary judgment asserting immunity under the law enforcement provision of

ITCA.  The trial court denied summary judgment, and our supreme court, based upon its reasoning in *Patrick*, affirmed denial of summary judgment.

In the present case, like in *Garman*, the injured party was struck by a vehicle operated by a fleeing suspect.  Under the reasoning of *Quakenbush, Patrick,* and *Garman*, Indiana Code section 34-13-3-3 does not act as blanket immunity, and the issue of whether Officer Harmon acted "with due regard for the safety of all persons" is one for the trier of fact to decide after taking into consideration the totality of the facts.  Thus, the trial court was correct in denying the City's motion for summary judgment.

The City attempts to avoid the aforementioned cases by recasting the issue as whether Officer Harmon was negligent in initiating the chase.  As is apparent from *Garman*, the issue of the propriety of the chase begins but does not end with the initiation thereof.  As the facts of *Garman* imply, an officer's operation of his vehicle during a chase may violate Indiana Code section 9-21-1-8(d)(1) when the officer continues pursuit under circumstances where a reasonable officer, who observes the dangerous activities of the fleeing driver, would have called off the chase.[1]

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

[1] The City cites *Chenoweth v. Estate of Wilson*, 827 N.E.2d 44, 48 (Ind. Ct. App. 2005), in support of its argument.  In *Chenoweth,* we relied on *St. Joseph County Police Department v. Shumaker*, 812 N.E.2d 1143, 1144 (Ind. Ct. App. 2004), *trans. denied*, which reached the erroneous conclusion that *Quakenbush* had been disavowed.  We also relied in part on *King v. Northeast Security, Inc.,* 790 N.E.2d 474 (Ind. 2003), a case that was distinguished in *Patrick. See id.* at 1086.