Larry L. WALKER, Plaintiff-Appellant,

v.

Casper MEMERING, Knox County Sheriff; Knox County Board of Commissioners; Knox County Sheriff and County of Knox, Defendants-Appellees.

No. 1–684A149.

Court of Appeals of Indiana, First District.

Dec. 18, 1984.

Rehearing denied Jan. 29, 1985.

⌐55(1)

Joe D. Black, Ramsey & Black, Vincennes, for plaintiff-appellant.

John Christopher Wall, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, for defendants-appellees.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Larry J. Walker (Walker), appeals the action of the Sullivan Circuit Court in granting a motion to dismiss under Ind. Rules of Procedure, Trial Rule 12(B)(6) in favor of defendant-appellees, Casper Memering, Knox County Sheriff, and County of Knox (Public Bodies).

We affirm.

## STATEMENT OF THE RECORD

Walker, an inmate of the Knox County Jail, was allegedly beaten by other inmates and injured on June 29, 1981. On August 27, 1981 he served notice of his tort claim for personal injuries under the Indiana Tort Claims Act on the Public Bodies, who gave notice of the denial thereof on October 14, 1981. Thereafter on July 22, 1983, Walker filed his complaint for personal injuries alleging negligence. The trial court sustained the Public Bodies' motion under T.R. 12(B)(6) because the complaint was filed beyond the statute of limitations. The sole issue here is whether the notice of claim procedure under the Indiana Tort Claims Act tolled the applicable two-year statute of limitation until the denial of the claim.

## DISCUSSION AND DECISION

Walker contends that the statute of limitations was tolled from the date he filed his tort claim notice until the date it was denied on October 14, 1981, or for ninety days after the claim was filed, whichever occurred first, and therefore the complaint was timely filed.

■ The applicable statute of limitation, IND.CODE 34-1-2-2(1), provides that a personal injury action shall be commenced within two years after "the cause of action has accrued, and not afterwards". Indiana has long held that an action for tort accrues at the time injury is produced by wrongful acts for which the law allows damages suseptible of ascertainment. *Babson Bros. Co. v. Tipstar Corporation,*

(1983) Ind.App., 446 N.E.2d 11; *Montgomery v. Crum*, (1928) 199 Ind. 660, 161 N.E. 251.

The Tort Claims Act does not have its own separate statute of limitation but it has certain notice provisions. IND.CODE 34-4-16.5-6 requires a claimant to first file notice of his tort claim against a public body within one hundred and eighty (180) days after the loss occurs, and IND.CODE 34-4-16.5-10 provides that the public body shall grant or deny the claim within ninety (90) days thereafter and if it does not, the claim is deemed denied. IND.CODE 34-4-16.5-12 prohibits a claimant from filing his suit before the claim procedure has been complied with. Walker reasons that since he was prohibited from filing the suit until his claim was denied the statute of limitation should be tolled during the progression of that claim procedure, even though he still had 20½ months left within which to file his suit and the denial of the claim. No Indiana case has decided this particular point, but Walker cites 51 Am.Jur. *Limitation of Actions*, Sec. 140 for the general proposition that when paramount authority prevents a person from exercising a legal remedy, the statute of limitation is tolled during the time he is so prevented. He also cites *Broadfoot v. Fayetteville*, (1899) 124 N.C. 478, 32 S.E. 804; *Budgar v. State* (1979) 98 Misc.2d 588, 414 N.Y.S.2d 463; and *Niemczyk v. Pawlak*, (1979) 98 Misc.2d 532, 414 N.Y.S.2d 285. We disagree.

We first note that if one utilized the maximum time provided by the tort claims procedure, 180 days plus 90 days, he would still have 15 months under the torts statute of limitations within which to file his suit. The Tort Claims Act makes no provision for tolling the statute. Such a tolling mechanism is found in the Medical Malpractice Act, 16-9.5-9-1, indicating that the legislature is aware of the utility of such a provision. The fact that a like provision does not exist in the Tort Claims Act demonstrates that the legislature did not desire it. We note the Indiana's statutes of limitation, IND.CODE 34-1-2-1 *et seq.* were last amended in 1981; seven years after the enactment of the original Tort Claims Act. Neither the limitations sections nor the Tort Claims Act has been amended to favor Walker's argument.

■ In relation to the notice provision under the Tort Claims Act, the court in *Coghill v. Badger*, (1981) Ind.App., 418 N.E.2d 1201, 1207 reflected:

"To date neither the courts nor the legislature have authorized an extension of the statutorily proscribed notice period for causes other than incompetence and neither shall we."

Similarly, a statute of limitation can be extended only in the following instances: (1) legal disabilities, which include incompetency, minority, imprisonment, non-residency under certain circumstances, and war, IND.CODE 34-1-2-5, 19 I.L.E. *Limitation of Actions*, Sec. 61; (2) death in certain instances, IND.CODE 34-1-2-7; and (3) concealment IND.CODE 34-1-2-9. 19 I.L.E. *Limitation of Action*, Sec. 67.

The full text of 41 Am.Jur. *Limitation of Action*, Sec. 140, indicates that the general rule is applicable only to events where the plaintiff is without fault, and where he is prevented from filing his lawsuit by fraud, war, injunction or legal prohibition; all equitable considerations not present here. The New York cases cited by Walker do hold that because of claim procedures the plaintiff was prevented from filing his suit prior to the exhaustion of the time to do so and, therefore, the cause of action accrued at that latter point. However, these decisions were based upon construction of the New York statute. *Anaya v. Township of Vernon*, (1976) 139 N.J.Super. 409, 354 A.2d 338, cited by the Public Bodies, is likewise related to New Jersey's own Tort Claims Act. There, the Tort Claims Act had its own two-year statute of limitation, but it provided that the claims procedure did not extend it. As relevant here, the court held that "accrued", as used in the New Jersey statute of limitation, did not mean that a cause of action accrued at the end of claim procedures during the pendency of which the plaintiff was prevented from filing his suit.

In conclusion we are of the opinion that the legislature, in enacting our statute of limitations and the Tort Claims Act, did not intend the statute of limitations to be tolled during the time expended in complying with tort claim notice provisions. Such a construction is not unreasonable, for even if the maximum time provided in the notice provisions was utilized, a plaintiff still would have over a year in which to file his complaint. No hardship nor inequity is apparent to us. As stated in *Badger*, it is not for the court to fashion new statutes of limitation.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, RATLIFF, JJ., concur.