**NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT,**
Appellant–Defendant,

v.

**David MARRON, Appellee–Plaintiff.**

No. 45A03–0402–CV–87.

Court of Appeals of Indiana.

July 23, 2004.

L. Charles Lukmann, III, Charles F.G. Parkinson, Harris Welsh & Lukmann, Chesterton, IN, Attorneys for Appellant.

Steven Kurowski, Law Office of Steven Kurowski, Schererville, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Northern Indiana Commuter Transportation District ("NICTD") appeals, pursuant to Indiana Appellate Rule 14(A)(8), the denial of its motion to transfer venue of a Federal Employers Liability Act ("FELA") claim filed by Appellee–Plaintiff David Marron ("Marron") to Porter County, the county of its principal office. We reverse and remand.

### Issue

NICTD presents a single issue for review: whether the trial court erroneously concluded that Lake County is a county of preferred venue.

### Facts and Procedural History

NICTD, a common carrier by railroad, employed Marron as a trackman when he allegedly sustained injuries to his shoulder, arm, neck, and back as a result of excessive or improper sledgehammer use. On July 3, 2003, Marron, a LaPorte County resident,[1] filed his complaint against NICTD in Lake County, alleging that the negligent acts or omissions of NICTD caused him injury. More specifically,

---

1. Marron did not identify his county of residence in his complaint. However, NICTD contended, in its brief in support of transfer, that Marron is a LaPorte County resident, and Marron has not contested NICTD's contention.

Marron claimed that NICTD failed to properly train him in safe methods of work and to provide a safe place for work and suitable tools. Marron averred that he "was required to do similar work throughout the NICTD system, including Lake County, Indiana." (App. 14.)

On August 29, 2003, NICTD answered the complaint, and asserted that Lake County was a county of incorrect venue and that the matter should be transferred to the courts of Porter County, the county of NICTD's principal office, and thus a county of preferred venue.

On December 17, 2003, the trial court held a hearing on the motion to transfer venue, and took the matter under advisement. On January 7, 2004, the trial court denied NICTD's motion to transfer venue. NICTD now appeals.

### Discussion and Decision

■ Preferred venue is determined in accordance with Indiana Trial Rule 75(A), which provides in pertinent part as follows:

Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides . . .

(2) the county where the land or some part thereof is located . . .

(3) the county where the accident or collision occurred . . .

(4) the county where either the principal office of a defendant organization is located . . .

(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located . . .

(6) the county or court fixed by written stipulations signed by all the parties . . .

(7) the county where the individual is held in custody or is restrained, if the complaint seeks relief with respect to such individual's custody . . .

(8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding; or

(9) the county where all or some of the property is located or can be found if the case seeks only judgment in rem . . .

(10) the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

Indiana Trial Rule 75(B)(1) provides: "Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed."

■ A trial court's order on a motion to transfer venue under Trial Rule 75 is an interlocutory order, generally reviewed for an abuse of discretion. *Cinergy Corp. v.*

*St. Paul Surplus Lines Ins. Co.,* 785 N.E.2d 586, 594 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or where the trial court has misinterpreted the law. *Id.*

At the December 17, 2003 hearing, Marron asserted, notwithstanding the lack of residency, principal office location or an accident in Lake County, that he established preferred venue in Lake County according to T.R. 75(A)(8), which provides as follows:

> Preferred venue lies in: ... the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding.

Marron claims that his statutory right to commence an action in Lake County, a county in which NICTD was doing business, is embodied in Title 45 U.S.C.A. § 56, which provides in pertinent part as follows:

> Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

Further, Marron contends that the foregoing statute confers upon him a "substantial right" to choose his forum.

▉ FELA, Title 45 U.S.C.A. §§ 51–56, imposes upon the railroad a non-delegable duty to use reasonable care in furnishing employees with a safe place to work and promulgates a statutory remedy for injured railroad workers. *Schultz v.*

*Hodus,* 535 N.E.2d 1235, 1236 (Ind.Ct.App. 1989), *trans. denied.* Section 56 provides for concurrent federal and state jurisdiction. However, it establishes venue only when a FELA claimant elects to maintain such an action in the federal judicial system. *Hopmann v. Southern Pacific Trans. Co.,* 581 S.W.2d 532, 535 (Tex.Civ. App.1979) (citing *Baltimore & Ohio Railroad Co. v. Kepner,* 314 U.S. 44, 52, 62 S.Ct. 6, 9, 86 L.Ed. 28 (1941)).

▉ When the railroad worker chooses to sue in federal court, the right to select a forum granted by the federal statute constitutes a substantial right that may not be abrogated by the states or by contract. *Id.* (citing *Boyd v. Grand Trunk Western Railway Company,* 338 U.S. 263, 265, 70 S.Ct. 26, 27, 94 L.Ed. 55 (1949)). The substantial right applies only to the right to maintain venue in accordance with the federal Act in cases filed in the federal courts. *Id.* at 536. When a railroad worker elects to bring a FELA action in state court, "the venue of state court suits [is] left to the practice of the forum." *Id.* (quoting *Miles v. Ill. Central R.R. Co.,* 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129 (1942)); *see also Missouri Pacific Railroad Company v. Tircuit,* 554 So.2d 878, 880 (Miss.1989) ("When a railroad worker elects to bring his FELA action in state court, the state's law of venue controls."), *Garland v. Seaboard Coastline Railroad Co.,* 658 S.W.2d 528, 531 (Tenn. 1983); *Rodriguez v. Grand Trunk Western Railroad Co.,* 120 Mich.App. 599, 328 N.W.2d 89, 91 (1983) ("We are convinced that the [United States Supreme] Court would hold that the FELA venue provision is inapplicable to FELA actions brought in state courts."); *but see Haug v. Burlington Northern Railroad Co.,* 236 Mont. 368, 770 P.2d 517, 520 (1988) (holding that, while venue is properly left to the practice of the forum, FELA is to be given a liberal

construction because of its humanitarian purpose and, accordingly, a FELA action could be brought in any county in Montana).

We, like the majority of courts that have considered the issue, find 45 U.S.C.A. § 56 to be inapplicable to venue determinations for FELA actions filed in state court. In essence, Marron chose to sue in Indiana, but seeks to establish preferred venue in Indiana by misplaced reliance upon a federal jurisdictional statute that has no application to venue when the claimant elects to proceed in state court. NICTD established that Porter County is a county of preferred venue under T.R. 75, while Lake County is not. As such, the trial court abused its discretion by denying NICTD's motion for transfer. Accordingly, we remand this matter to the trial court to enter an order transferring this action to Porter County.

Reversed and remanded.

BAKER, J., and FRIEDLANDER, J., concur.