Steven **RUDNICK**, Appellant–Plaintiff,

v.

**NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT,** Appellee–Defendant.

No. 64A03–0712–CV–559.

Court of Appeals of Indiana.

Aug. 21, 2008.

Rehearing Denied Oct. 31, 2008.

Steven J. Sersic, Rubino, Ruman, Crossmer, Smith, Sersic & Polen, Dyer, IN, Dana M. Pesha, William J. Harte, Ltd., Joseph E. Tighe, Joseph E. Tighe, P.C., Daniel J. Downes, Daniel J. Downes, P.C., Chicago, IL, Attorneys for Appellant.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Steve Rudnick sued his employer, Northern Indiana Commuter Transportation District ("the District"), under the Federal Employers' Liability Act ("FELA"). The trial court granted summary judgment for the District because Rudnick did not substantially comply with the notice requirement of the Indiana Tort Claims Act. We affirm.

### FACTS AND PROCEDURAL HISTORY

On February 24, 2003, Rudnick was employed by the District as a conductor on a commuter train from South Bend, Indiana to Chicago, Illinois. On that date and during the course of his employment, Rudnick slipped on some ice and injured his shoulder when he grabbed a handrail to keep from falling. After finishing his route, Rudnick completed an "Employee Work Injury/Illness Report." (Appellant's App. at 173.) The report included Rudnick's social security number, phone number, address, and date of birth. It also included the date, time, location, and description of the incident. Rudnick's supervisor, Robert Griffin, also filled out a form

that described the incident. Griffin's report stated Rudnick did not want immediate medical attention; Rudnick wanted to "see how it feels tomorrow." (*Id.* at 172.) Griffin indicated there were no rule violations and did not recommend any further investigation.

The forms Rudnick and Griffin filled out are

> routine informational forms utilized by NICTD to document the occurrence and nature of an on-the-job employee injury for medical insurance purposes and to meet the Federal Railway Administration Requirement that it receive a report of all railroad employee injuries which result in the need for medical attention beyond basic first aide [sic].

(*Id.* at 298.) As a matter of policy, the District pays its employees' medical expenses and wages when employees are temporarily disabled due to a job-related injury. The District pays these benefits without regard to whether the employee has a potential tort claim against the District.

Rudnick's pain persisted, and he saw a doctor on February 26, 2003. He was instructed to stop working until he was released in August 2003. Rudnick was compensated while he was disabled, and the District paid his medical bills.

On March 31, 2005, Rudnick filed suit against the District under FELA, alleging his injury was caused by the District's negligence. The trial court granted summary judgment to the District on the ground Rudnick had not substantially complied with the Tort Claims Act's notice requirement.

## DISCUSSION AND DECISION

In reviewing summary judgment, we apply the same standard as the trial court. *Wright v. Am. States Ins. Co.*, 765 N.E.2d 690, 692 (Ind.Ct.App.2002). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the non-moving party," here, Rudnick. *Sanchez v. Hamara*, 534 N.E.2d 756, 757 (Ind.Ct.App. 1989), *trans. denied.* We affirm summary judgment on any legal basis supported by the designated evidence. *Cincinnati Ins. Co. v. Davis*, 860 N.E.2d 915, 922 (Ind.Ct. App.2007). The appellant bears the burden of persuading us summary judgment was erroneous. *Id.*

We find the following issues dispositive: (1) whether Rudnick was required to comply with the Tort Claims Act's notice requirements, and (2) whether Rudnick substantially complied with the notice requirements.[1]

---

1. As an alternative basis for summary judgment, the District argues Rudnick did not file his claim within the applicable statute of limitations. The District asserts a two-year statute of limitations applies, citing *Walker v. Memering*, 471 N.E.2d 1202 (Ind.Ct.App. 1984), *reh'g denied.* While the District characterizes this statute of limitations as a dictate of the Tort Claims Act, *Walker* applied the two-year statute of limitations governing personal injury claims against any defendant. *See id.* at 1203 (citing Ind.Code § 34–1–2–2(1), which is currently codified at Ind. Code § 34–11–2–4). The District directs us to no authority holding Indiana's statute of limitations for personal injury claims controls over FELA's. *See* 45 U.S.C. § 56 (three-year statute of limitations for FELA claims). However, we need not decide which statute of limitations applies because Rudnick did not substantially comply with the Tort Claims Act's notice requirement. *See Ind. Dep't of Pub. Welfare v. Clark*, 478 N.E.2d 699, 702 (Ind.Ct.App.1985) ("The ITCA notice provision is not a statute of limitation. Rather, it is a procedural precedent which must be fulfilled before filing suit in a state court.") (citations omitted), *overruled*

1. *Application of Tort Claims Act to FELA Claims*

In *Oshinski v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536 (Ind.Ct.App. 2006), we held an employee bringing suit under FELA against a governmental entity must comply with the Tort Claims Act. *Oshinski* relied on *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), which held a state may not be sued unless it has waived its sovereign immunity through a clear declaration of consent to be sued. In *Oshinski*, we determined the State had consented to be sued to the extent permitted by the Tort Claims Act. 843 N.E.2d at 545. Therefore, FELA claimants must comply with the Tort Claims Act's notice provisions. *Id.*

 Rudnick appears to concede he must comply with the Tort Claims Act, (Appellant's Reply Br. at 5, 16), but also argues application of *Oshinski* would violate his due process rights because it was decided after he was injured and filed suit. Rudnick has raised this argument for the first time on appeal.

> Generally, a party may not raise an issue on appeal which was not raised in the trial court. This rule also applies to summary judgment proceedings. However, where an opposing party has unequivocal notice of an issue, that issue may be considered on appeal.

*Ansert By and Through Ansert v. Ind. Farmers Mut. Ins. Co.*, 659 N.E.2d 614, 617 (Ind.Ct.App.1995) (citations omitted), *reh'g denied.* Rudnick addressed due process in his reply brief, but did not respond to the District's waiver argument or cite any facts demonstrating the District had unequivocal notice of the issue. Rudnick has waived his due process argument.

*on other grounds as stated in George v.*

2. *Substantial Compliance*

 Rudnick argues he substantially complied with the Tort Claims Act by filling out the injury report. Ind.Code § 34-13-3-10 requires

> a short and plain statement [of] the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

"[N]otice is sufficient if it substantially complies with the content requirements of the statute." *Collier v. Prater*, 544 N.E.2d 497, 499 (Ind.1989). Substantial compliance is a question of law. *Id.*

> In general, a notice that is filed within the 180 day period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonably affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Id.*

The District knew many of the facts that would need to be included in a notice of claim. The injury reports filled out by Rudnick and his supervisor included a description of the incident, the time and place of the injury, the names of persons involved, and Rudnick's address. The District was aware of Rudnick's medical expenses and time away from work because it was compensating him.

However, the injury reports did not give the District notice of Rudnick's intent to

*Hatcher*, 527 N.E.2d 199 (Ind.Ct.App.1988).

sue. The injury reports are filled out any time an employee is injured on the job, without regard for whether the employee intends to sue. The forms are used for medical insurance purposes and to comply with Federal Railway Administration rules. Nothing on the forms indicated Rudnick intended to sue. Rudnick checked "Yes" in response to the question, "Did you have a safe place to work?" (Appellant's App. at 173.)

In *Collier,* the Indiana Supreme Court emphasized the importance of notifying the government of the intention to sue. Collier sent a letter to the City of Indianapolis' legal department notifying it of his intent to sue the City for injuries sustained during an arrest. The letter did not include all the facts required by the Tort Claims Act. The Supreme Court found "the threshold requirement of notifying the city of an intent to take legal action was met here." *Collier,* 544 N.E.2d at 499. The Court then proceeded to consider whether the information in the notice established substantial compliance with the Tort Claims Act. The Court contrasted Collier's case with *City of Indianapolis v. Satz,* 268 Ind. 581, 377 N.E.2d 623 (1978). Satz sent a letter of complaint to the City, but it "was just an ordinary complaint letter that did not state an intent to file a claim." *Collier,* 544 N.E.2d at 499. "Because the city was not apprised of [Satz's] intention to bring suit, any investigation it conducted was inadequate since it was undertaken without an eye firmly cast toward potential liability and litigation." *Id.* See also *Ricketts v. State,* 720 N.E.2d 1244, 1246 (Ind.Ct.App.1999) ("In order to constitute substantial compliance, the notice must not only inform the State of the facts and circumstances of the alleged injury but *must also advise of the injured party's intent to assert a tort claim."*) (emphasis in original), *trans. denied* 735 N.E.2d 232 (Ind.2000).

Rudnick's case is comparable to *Hedges v. Rawley,* 419 N.E.2d 224 (Ind.Ct.App. 1981). Hedges, Rawley's supervisor at a sewage treatment plant, accused Rawley of stealing from the plant. Rawley was suspended pending investigation. When he was found not guilty, Rawley filed a grievance with his union. The grievance requested reinstatement and back wages and contained no allegations of tortious conduct. Rawley later sued Hedges and the City of Terre Haute, alleging he had been slandered.

We found Rawley had not substantially complied with the Tort Claims Act. The grievance "provided notice of a labor dispute, which the City of Terre Haute promptly acted upon by reinstating Rawley. It contained no information to apprise the City of potential tort liability." *Id.* at 227. Just as Rawley's use of the grievance procedure did not indicate his intent to sue, Rudnick's completion of a routine injury report did not indicate his intent to sue.

Rudnick urges a lenient approach to substantial compliance because the District is a state agency and it did not make claim forms available.[2] Notice to state agencies is governed by Ind.Code § 34–13–3–6:

(a) Except as provided in sections 7 and 9 of this chapter, a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs. However, if notice to the state agency involved

---

**2.** Rudnick believes the District did not make the forms available because it had not yet realized it was entitled to notice under the Tort Claims Act. Rudnick draws this inference from the fact that the District did not originally state a notice defense in *Oshinski,* but later amended its answer to include that defense.

is filed with the wrong state agency, that error does not bar a claim if the claimant reasonably attempts to determine and serve notice on the right state agency.

(b) The attorney general, by rule adopted under IC 4–22–2, shall prescribe a claim form to be used to file a notice under this section. The claim form must specify:

(1) the information required; and

(2) the period of time that a potential claimant has to file a claim.

(c) Copies of the claim form prescribed under subsection (b) shall be available from each:

(1) state agency; and

(2) operator of a state vehicle.

This provision requires state agencies to make claim forms available; however, they are not required to take affirmative action to hand out forms to employees who may have claims.[3] Rudnick never sought a claim form; therefore, we decline to reverse on the ground the District did not make them available. Rudnick did not notify the District of his intention to sue,

and summary judgment for the District was appropriate.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.

---

3. We do not decide whether the District is in fact a state agency, which is required to make claim forms available, rather than a political subdivision, which is not required to make claim forms available. *Compare* Ind.Code § 34–13–3–6 *with* Ind.Code § 34–13–3–8. The *Oshinski* Court stated:

> The parties do not dispute, the trial court found, and we agree that NICTD is a state agency. *See* Ind.Code Chapter 8–5–15 (establishing commuter transportation districts); *see also Gouge v. Northern Indiana Commuter Transp. Dist.*, 670 N.E.2d 363, 369 (Ind.Ct.App.1996) (adopting analysis used by the Federal District Court for the Northern District of Illinois and holding that NICTD is a state agency.); see App. p. 7.

*Gouge* held costs could not be awarded against the District because it was a govern-

mental organization. In reaching that conclusion, *Gouge* relied on *Lewis v. N. Ind. Commuter Transp. Dist.*, 898 F.Supp. 596 (N.D.Ill. 1995), which held the District was a government agency in the sense it was entitled to 11th Amendment immunity. *Gouge* did not address the specialized definition of "state agency" in the context of the Tort Claims Act or the distinction between a "state agency" and a "political subdivision."

We note the definition of "political subdivision" includes municipal corporations. Ind. Code § 34–6–2–110. The District is a separate municipal corporation pursuant to Ind. Code § 8–5–15–2(c). The definition of "state agency" for purposes of the Tort Claims Act specifically excludes political subdivisions. Ind.Code § 34–6–2–141.