Steven A. JANUCHOWSKI,
Appellant–Plaintiff,

v.

NORTHERN INDIANA COMMUTER
TRANSPORTATION DISTRICT,
Appellee–Defendant.

No. 64A03–0806–CV–330.

Court of Appeals of Indiana.

May 7, 2009.

Rehearing Denied July 6, 2009.

---

Andrew S. Williams, C. Marshall Friedman, P.C., St. Louis, MO, Bruce D. Parent, Law Offices of Bruce Parent, P.C., Merrillville, IN, Attorneys for Appellant.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

While working for the Northern Indiana Commuter Transportation District ("NICTD") as a carman, plaintiff Steven Januchowski alleged that he was injured by shifting panels as a result of NICTD's negligence. NICTD operates a passenger commuter rail service from South Bend, Indiana, to Chicago, Illinois. Januchowski brought his claim under the Federal Employers' Liability Act (FELA), which provides a federal cause of action for railroad employees injured as a result of negligence. Januchowski brought his claim more than two years, but less than three years, after the alleged injuries. At trial, Januchowski argued that FELA's three-year statute of limitation applied to his case. NICTD argued that Indiana's general two-year statute of limitation for personal injury torts applied because of the Indiana Tort Claims Act (ITCA), and that, as a result, Januchowski's claim was time-barred. Agreeing with NICTD on this point, the trial court granted summary judgment in favor of NICTD. Because we find that FELA's three-year statute of limitation applies under statutory law and our Supreme Court's case law, we reverse and remand.

### Facts and Procedural History

In Januchowski's complaint against NICTD, Januchowski alleges that, on or about October 5, 2004, while he was engaged in his duties as a carman for NICTD, he was moving panels weighing between 100 and 200 pounds using improvised equipment because the forklift usually utilized to move panels was out of service. Januchowski stated that one of these panels shifted onto him, causing severe injuries to his back and lower extremities. Januchowski alleged that because NICTD engages in the business of operating a railway in interstate commerce, he was entitled to bring a cause of action against NICTD for its negligence under FELA, a federal statute.

Approximately sixty days after his alleged injury, Januchowski sent notice to the Indiana Secretary of State and to NICTD of his intent to sue NICTD for his injuries. Approximately 120 days after his alleged injuries, Januchowski also sent notice to the Indiana Attorney General's office of his intent to sue NICTD for his injuries. On October 31, 2006, a little over two years after the accident, Januchowski filed a complaint against NICTD in Lake County Superior Court. A few months later, the case was transferred to Porter County.

In June 2007, NICTD filed a motion for summary judgment, arguing that Januchowski failed to comply with the notice requirements of the ITCA, which provides

the conditions for suit when a party sues a governmental entity. NICTD also argued that Januchowski failed to comply with Indiana's two-year statute of limitation for personal injury actions. Januchowski responded, arguing that he had complied with the notice requirements of the ITCA and that his suit was timely because he complied with the three-year statute of limitation contained in FELA. The trial court held a hearing on the motion, and both sides presented argument.

In its well-reasoned order on the summary judgment motion, the trial court determined first that NICTD was a political subdivision. As a result, Januchowski was required under the ITCA to file notice with NICTD's governing body and the Indiana political subdivision risk management commission within 180 days after the loss occurred. The trial court next determined that Januchowski had substantially complied with the notice requirements. Even though he did not send notice within 180 days to the political subdivision risk management commission as required by the ITCA for political subdivisions, because Januchowski sent notice to NICTD within sixty days of his accident the purpose of the notice statute was fulfilled. Additionally, Januchowski did send notice to the Indiana Attorney General about 120 days after the accident and to the Indiana

Secretary of State about sixty days after the accident.

Finally, the trial court determined that Indiana's general two-year statute of limitation for torts applied rather than FELA's three-year statute of limitation because suits against governmental entities must be brought in compliance with the terms of the ITCA, and that as a result Januchowski's claim was time-barred. The trial court granted summary judgment in favor of NICTD. Januchowski filed a motion to correct error, which was deemed denied. Januchowski now appeals.

### Discussion and Decision

On appeal, neither party contests the trial court's determination that NICTD is a political subdivision [1] nor the determination that Januchowski substantially complied with the ITCA's notice requirements. But Januchowski argues that the trial court erred by granting summary judgment to NICTD, determining that Indiana's general two-year statute of limitation for personal injury torts applies to his suit. We therefore must decide whether the general two-year state statute of limitation for torts or FELA's specific three-year statute of limitation applies to FELA claims against governmental entities in Indiana courts. To do so, we must examine the ITCA, FELA, and Indiana's general statute of limitation for torts.[2]

---

**1.** The trial court correctly reached this determination before this Court's decision in *Rudnick v. Northern Indiana Commuter Transportation District*, 892 N.E.2d 204 (Ind.Ct.App. 2008). In *Rudnick*, we noted that, although we did not decide at that time whether NICTD was a state agency or political subdivision, the statutory definition of "political subdivision" included municipal corporations and that NICTD was a municipal corporation. *Id.* at 209 n. 3. The distinction matters in part because, under the ITCA, a claim against a state agency is barred unless notice is filed with the state agency and the Indiana Attorney General within 270 days after the loss

occurs. Ind.Code § 34–13–3–6(a). A claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the political subdivision risk management committee within 180 days after the loss occurs. Ind.Code § 34–13–3–8(a).

**2.** The parties dispute whether the two-year statute of limitation should be considered a precondition to the right to bring suit under the ITCA or a jurisdictional bar based on sovereign immunity to bringing suit beyond two years after an injury. *See* Appellee's Br.

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bushong v. Williamson,* 790 N.E.2d 467, 474 (Ind.2003). On appeal, our standard of review is the same as that of the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Riverside Cmty. Corr. Corp.,* 846 N.E.2d 738, 743 (Ind.Ct.App.2006), *trans. denied.* We construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party. *Id.* On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity. *Sizemore v. Erie Ins. Exch.,* 789 N.E.2d 1037, 1038 (Ind.Ct. App.2003). A party appealing from an order granting summary judgment has the burden of persuading the appellate tribunal that the decision was erroneous. *Id.* at 1038–39. However, where the facts are undisputed and the issue presented is a pure question of law, we review the matter *de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev.,* 812 N.E.2d 164, 166 (Ind.Ct.App.2004).

Statutory interpretation is purely a question of law. *Id.* On appeal, we must examine FELA and its statute of limitation, the ITCA, and Indiana's general statute of limitation for torts. When courts construe statutes, the goal is to determine and give effect to the legislature's intent. *Cooper Indus., LLC v. City of South Bend,* 899 N.E.2d 1274, 1283 (Ind.2009). The first place courts look for evidence is the statutory language. *Id.* We examine statutes as a whole. *Id.* We presume the legislature intended the statute's language to be applied logically and consistent with

the statute's underlying policy. *Id.* Thus, we can look to the underlying purpose of the provisions and to similar sections within the Indiana Code for guidance. *Id.* at 1284. Another factor to consider when determining legislative intent is the statute's location within the Indiana Code. *Roberts v. Sankey,* 813 N.E.2d 1195, 1198 (Ind.Ct.App.2004), *reh'g denied, trans. denied.*

## I. FELA Background

We first examine the language and purpose of FELA. Januchowski was an employee of NICTD. NICTD operates a commuter railway system. *See* Ind.Code ch. 8–5–15. FELA, 45 U.S.C.A. §§ 51–60 (2009), creates a negligence cause of action for railroad employees injured in the scope of their employment. It provides:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

> Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such

p. 7; Appellant's Reply Br. p. 4–5. We find no practical distinction.

commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

45 U.S.C.A. § 51 (2009). FELA's purpose is a humanitarian one. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 434, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). As a result, the United States Supreme Court has liberally construed FELA to further its remedial and humanitarian purpose. *Urie v. Thompson*, 337 U.S. 163, 181–82, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). In order to ensure that FELA's humanitarian purpose is met, the United States Supreme Court recognizes that FELA is meant to operate uniformly among the states. *Burnett*, 380 U.S. at 433, 85 S.Ct. 1050.

■ FELA contains a three-year[3] statute of limitation:

No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

45 U.S.C.A. § 56 (2009). In an action against a private entity, the United States Supreme Court has determined that the right to bring a FELA claim within the time provided in the FELA statute of limi-

tation is a substantive right that controls in an action brought in a state court, regardless of any state statute of limitation. *Engel v. Davenport*, 271 U.S. 33, 39, 46 S.Ct. 410, 70 L.Ed. 813 (1926) (considering whether state statute of limitation applied in California state court in claim against *private* ship owner under the Merchant Marine Act, which had incorporated FELA at a time when FELA's statute of limitation was two years). Our Court has previously recognized that "[a]lthough FELA actions may be adjudicated in state courts and therein follow state procedural rules, the proceedings are governed by federal substantive law." *Gouge v. Ind. Commuter Transp. Dist.*, 670 N.E.2d 363, 365 (Ind.Ct.App.1996). Januchowski and NICTD agree that FELA's statute of limitation would apply if NICTD were a private entity. Although it is settled that the FELA statute of limitation applies over a state statute of limitation in suits against private entities, it has not been settled as to which statute of limitation applies in suits in Indiana against political subdivisions such as NICTD, where issues of sovereign immunity come into play.

## II. ITCA Background

■ To answer this question, we turn to Indiana's body of sovereign immunity law. Because NICTD is a political subdivision, it is a governmental entity. Historically, a state may not be sued in its own courts unless it has waived its sovereign immunity by expressly consenting to such suit through a clear declaration of that consent. *Oshinski v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536, 539–40 (Ind.Ct.App. 2006) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)). In 1972, the Indiana

---

**3.** Originally, FELA's statute of limitation was two years. FELA was amended in 1939 to extend the statute of limitation to three years. FELA, Pub.L. No. 76–382, 53 Stat. 1404 (1939).

Supreme Court abolished the doctrine of common law sovereign immunity in this state, leaving several limited exceptions, and determined that the legislature alone was responsible for considering which specific types of governmental conduct would result in immunity from liability. *Burns v. City of Terre Haute,* 744 N.E.2d 1038, 1040 (Ind.Ct.App.2001) (discussing *Campbell v. State,* 259 Ind. 55, 284 N.E.2d 733, 737 (1972)), *trans. denied.* In 1974, the General Assembly enacted the ITCA.[4] Act of Feb. 19, 1974, Pub.L. No. 142, 1974 Ind. Acts 599.

■■■ The ITCA is comprehensive, and it provides that governmental entities are subject to liability for their torts in Indiana state courts, unless the activity giving rise to the tort falls within its list of enumerated exceptions.[5] Ind.Code § 34–13–3–3; *State v. Willits,* 773 N.E.2d 808, 814 (Ind.2002). Because the ITCA is in derogation of the common law, the ITCA must be strictly construed against limitations on the claimant's right to bring suit. *Burns,* 744 N.E.2d at 1040. The governmental entity seeking to establish immunity bears the burden of proving that its conduct comes within the ITCA. *Peavler v.*

*Monroe County Bd. of Comm'rs,* 528 N.E.2d 40, 46 (Ind.1988).

■■■ Our Supreme Court reaffirmed *Campbell*'s abrogation of common law sovereign immunity in *Benton v. City of Oakland City,* 721 N.E.2d 224, 231 (Ind.1999) ("We hold that *Campbell* is properly applied by presuming that a governmental unit is bound by the same duty of care as a non-governmental unit except where the duty alleged to have been breached is so closely akin to one of the limited exceptions (prevent crime, appoint competent officials, or make correct judicial decisions) that it should be treated as one as well."); *see also King v. Ne. Sec., Inc.,* 790 N.E.2d 474, 478–79 (Ind.2003), *reh'g denied.* Under the ITCA, governmental entities are liable for the torts they commit unless the activity giving rise to the tort falls within an enumerated exception. *Willits,* 773 N.E.2d at 814. As a result, if the ITCA does not expressly shield the governmental entity and the activity does not meet one of the *Campbell* exceptions, the governmental entity will be treated like a private entity. *See, e.g., Patrick v. Miresso,* 848 N.E.2d 1083 (Ind.2006) (declining to find immunity under the ITCA's "enforcement of . . . a law" exception for governmental

**4.** As the United States Supreme Court has stated, a state may prescribe for itself the terms and conditions upon which it consents to be sued. *Oshinski,* 843 N.E.2d at 544 (citing *Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002)).

**5.** Regarding courts other than Indiana courts, the statute provides that this chapter should not be construed as an Eleventh Amendment waiver, consent by Indiana or its employees to be sued in any federal court, or consent to be sued in any other state's courts. Ind.Code § 34–13–3–5(f). The dissent argues that Januchowski had a choice of forums between federal court and state court, but he chose to bring his action in state court. Although the dissent is correct that both federal and state

courts have concurrent jurisdiction over FELA claims, the dissent's position overlooks the Eleventh Amendment immunity enjoyed by NICTD as an arm of the State of Indiana. Pursuant to this immunity, federal courts dismiss FELA suits against NICTD. *Lewis v. N. Ind. Commuter Transp. Dist.,* 898 F.Supp. 596, 602 (N.D.Ill.1995) ("Therefore, we follow the two district courts that have addressed this issue and hold that NICTD is an agency of the State of Indiana entitled to Eleventh Amendment immunity from suit by a citizen in federal court.... Because we hold that this action belongs in state court, not federal court, we need not decide whether to transfer the case to the Northern District of Indiana, and we deny that aspect of NICTD's motion.") (citations omitted).

entities for injuries caused by officer's negligent operation of a police vehicle while pursuing a fleeing suspect); *but cf. Giles v. Brown County ex rel. Bd. of Comm'rs,* 868 N.E.2d 478 (Ind.2007) (finding immunity under the ITCA's "operation" or "use" of an enhanced emergency communications system for injuries resulting from failure to provide requested emergency medical services in time to prevent the death of plaintiff's spouse).

### III. Which Statute of Limitation Applies?

 Keeping the history of the ITCA in mind, we now consider what the ITCA does and does not say in order to determine the legislature's intent as to which statute of limitation applies to Januchowski's suit—the two-year Indiana statute of limitation for personal injury torts or the three-year statute of limitation for FELA claims. The ITCA is a clear declaration of Indiana's consent to be sued, provided that certain conditions are met. *Oshinski,* 843 N.E.2d at 544. Notice to the government is one such express condition contained within the ITCA. Ind.Code §§ 34–13–3–6 (governing notice to state agencies); 34–13–3–8 (governing notice to political subdivisions). The government's denial of the claim in whole or in part is another express condition contained within the ITCA. Ind.Code § 34–13–3–13. We have held that Indiana's qualified consent to suit applies to FELA claims because FELA claims are tort claims.[6] *Oshinski,* 843 N.E.2d at 544. The parties agree, as do we, that the conditions contained within the ITCA, namely, notice and denial of claim, apply to FELA claims against governmental entities. What is not so clear is which statute of limitation applies.

**6.** The proper statute of limitation for FELA claims against governmental entities was not

Although the ITCA contains many requirements like notice and denial of claim, it is silent regarding a statute of limitation. As such, NICTD points to another part of the Indiana Code, Indiana Code § 34–11–2–4, which sets forth a general statute of limitation for torts. Indiana Code § 34–11–2–4 provides that

[a]n action for:

(1) injury to person or character;

(2) injury to personal property; or

(3) a forfeiture of penalty given by statute;

must be commenced within two (2) years after the cause of action accrues.

This statute of limitation is not contained within the body of the ITCA; rather, it is contained within another article of the code entirely.

We find the omission of a statute of limitation in the ITCA to be significant. This is because the General Assembly knows how to include a statute of limitation into the body of an act. For example, the legislature has included a statute of limitation into the Indiana Contract Claims Act ("ICCA"). Indiana Code § 34–13–1–1(a) provides that "[a]ny person having a claim against the state arising out of an express or implied contract may bring suit within ten (10) years after accrual of the claim." *See also* Ind.Code §§ 34–13–5–10(a) (providing a time limitation for lawsuits testing public improvements of municipal corporations); –6–1(b) (providing that an appeal from any action or decision of a municipality must be filed as an original complaint within thirty days of the challenged action or decision). The ten-year statute of limitation in the ICCA applies against contract actions against the State whether they arise out of express or

at issue in *Oshinski.*

implied contract. I.C. § 34–13–1–1. However, the statutes of limitation for actions against individuals or entities other than the State provide for a six-year statute of limitation for actions on contracts not in writing, Ind.Code § 34–11–2–7, a six-year statute of limitation for actions on written contracts entered into after August 31, 1982, for payment of money, Ind.Code § 34–11–2–9, and a ten-year statute of limitation for actions on written contracts entered into after August 31, 1982, other than those for payment of money, Ind. Code § 34–11–2–11.

■■■ The ITCA contains many requirements, but a statute of limitation is not one of them. However, the General Assembly has included statutes of limitation into other acts, including the ICCA. This is crucial. *See City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 654 (Ind.Ct.App.1996) (noting that it is just as important to recognize what a statute does not say as much as what it does say); *see also State v. Am. Family Voices, Inc.,* 898 N.E.2d 293, 298 (Ind.2008); *Sec. Trust Corp. v. Estate of Fisher ex rel. Roy,* 797 N.E.2d 789, 794 (Ind.Ct.App.2003) (acknowledging the well-established rule of statutory construction known as *expressio unius est exclusio alterius,* that is, the enumeration of certain things in a statute necessarily implies the exclusion of all others), *trans denied.* Because the ITCA does not expressly contain a statute of limitation, we find no support for NICTD's argument that Indiana's two-year statute of limitation applies to all tort claims against the State no matter the type of tort. If the legislature had intended for that statute of limitation to apply to all claims under the ITCA, it would have inserted such a requirement into the ITCA. We find that compliance with Indiana's personal injury statute of limita-

tion is not a condition for suit under the ITCA when the claim is controlled by FELA.[7]

Further, our decision that the General Assembly did not intend to make compliance with Indiana's two-year personal injury statute of limitation for torts a condition for suit under the ITCA when the claim is governed by its own limitation period is consistent with Indiana's body of sovereign immunity law. As discussed above, through case law and the ITCA, Indiana law holds governmental entities liable for their actions unless the conduct falls within one of the enumerated exceptions of the ITCA. *See Willits,* 773 N.E.2d at 814. FELA suits are not an enumerated exception. Thus, NICTD's argument that the General Assembly must expressly consent to FELA suits within the ITCA to waive sovereign immunity is invalid. As the governmental entity claiming immunity, NICTD bears the burden of proving that its conduct falls within one of the ITCA exceptions. NICTD has failed to do so; indeed, NICTD makes no argument that one of the exceptions applies.

NICTD argues instead that we should apply the rule in *Walker v. Memering,* 471 N.E.2d 1202 (Ind.Ct.App.1984), *reh'g denied.* In *Walker,* we applied the two-year statute of limitation for personal injury actions to an inmate's claim for negligence against various Knox County governmental entities and employees as a result of injuries he allegedly received after being beaten by other inmates. *Id.* at 1203. The issue in that case was whether the statute of limitation should be tolled during the ninety days given to governmental entities by statute to determine whether to grant or deny the claim. The Court deter-

---

**7.** In *Rudnick,* 892 N.E.2d at 206 n. 1, our Court noted that NICTD had provided no authority suggesting that Indiana's statute of limitation controlled over FELA's.

mined that the statute of limitation would not be tolled.

■ NICTD's reliance on *Walker* is inapposite. The Court in *Walker* was not faced with two differing statutes of limitation but instead applied the only pertinent statute of limitation, the two-year statute of limitation for personal injury torts. If Januchowski had brought a personal injury suit against NICTD under Indiana law, Indiana's general two-year statute of limitation for personal injury suits would apply. *See id.* If Januchowski had brought a fraud suit against NICTD under Indiana law, Indiana's six-year statute of limitation for fraud suits would apply. *See Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 870 n. 7 (Ind.Ct.App.1999), *trans. denied.* We determine the appropriate statute of limitation based on the nature of the claim.

■ Because we are to treat governmental entities like private entities unless the ITCA commands otherwise and the ITCA does not do so here, we will apply FELA to NICTD as if it were a private entity. As discussed above, FELA's three-year statute of limitation is regarded as a substantive right. Having complied with the three-year statute of limitation, Januchowski's suit may proceed. We note as well that our decision is also consistent with the humanitarian purpose underlying FELA and the intent that FELA operate uniformly among the states.

Of course, the General Assembly, which determines the scope of governmental immunity now that common law sovereign immunity in Indiana has been abrogated, is free to amend the ITCA to make compliance with a particular statute of limitation a condition of suit for all tort claims against governmental entities. *See Raygor*, 534 U.S. at 542–43, 122 S.Ct. 999. But we will not read such a condition into the statute ourselves. *See S. Newton Sch. Corp. Bd. of Sch. Tr. v. S. Newton Class-* *room Teachers Ass'n*, 762 N.E.2d 115, 120 (Ind.Ct.App.2001), *trans. denied.*

As a matter of statutory interpretation, we find that the General Assembly did not intend compliance with Indiana's general two-year tort statute of limitation to be a condition for suit under the ITCA when the claim is controlled by FELA. Consistent with Indiana's sovereign immunity law and our Supreme Court case law, we treat NICTD as though it were a private entity and apply FELA's three-year statute of limitation. Because we conclude that Januchowski's claim is not barred by the two-year state statute of limitation applied by the trial court, summary judgment was not appropriate. We remand for further proceedings on Januchowski's FELA claim.

Reversed and remanded.

RILEY, J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

I respectfully dissent from the majority's conclusion that this action is not barred by Indiana's two-year statute of limitations. Despite my heartfelt sympathy for Mr. Januchowski, who suffered grievous injuries that gave rise to his claim, I agree with the trial court as to the law in this regard.

It is undisputed that Indiana courts and federal courts have concurrent jurisdiction with respect to a claim under FELA. 45 U.S.C.A. § 56. As a result, in my opinion, when a FELA action is adjudicated in an Indiana state court, we apply "state procedural rules" and "federal substantive law." *Gouge v. Ind. Commuter Transp. Dist.*, 670 N.E.2d 363, 365 (Ind.Ct.App.1996).

Here, the injury occurred on October 5, 2004, and Januchowski filed his claim in an Indiana *state* court on October 31, 2006. FELA provides for a three-year statute of limitation for filing a claim, *see* 45 U.S.C.A. § 56; whereas, the Indiana Tort Claims Act contains no express statute of limitation provision. The majority finds the latter dispositive, as constituting the choice of Indiana's legislature *not* to *include* a statute of limitation for the Indiana Tort Claims Act, thereby permitting application of FELA's statute of limitation provision when a FELA claim is filed in an Indiana state court. However, such ignores the fact that Indiana does have a statute of limitation for personal injury claims, to wit: two years, *see* Ind.Code § 34–11–2–4, and the long-standing principle that statutes addressing the same subject are *in pari material* and to be read in harmony if possible. *See, e.g., Saintignon v. State,* 749 N.E.2d 1134, 1137 (Ind.2001); *United States Gypsum, Inc. v. Indiana Gas Co., Inc.,* 735 N.E.2d 790, 802 (Ind.2000).

Given the concurrent subject matter jurisdiction of Indiana and federal courts, Januchowski had a choice of forums. However, the forum he chose was the state court. He chose to pursue his FELA claim under the Indiana Tort Claims Act, complying with its notice requirements and subsequently filing this action in an Indiana state court. I find that by choosing to file his action in the state court, he brought himself within the jurisdiction of Indiana's procedural laws—including the Indiana procedural statute providing for a two-year statute of limitations for personal injury claims. *Cf. Northern Indiana Commuter Transp. Dist. v. Marron,* 812 N.E.2d 185, 188 (Ind.Ct.App.2004) (worker's choice to bring FELA action in state court subjected him to state venue procedure).

Accordingly, I would affirm the trial court's grant of summary judgment to NICTD.